| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | SEDGWICK, DETERT, MORAN & ARNOLD LLP<br>CURTIS D. PARVIN (State Bar No. 116079)<br>RICHARD A. CRITES (State Bar No. 204639)<br>3 Park Plaza, 17th Floor<br>Irvine, CA 92614-8540<br>Telephone: (949) 852-8200<br>Facsimile: (949) 852-8282<br><br>Attorneys for Third Party Defendant<br>MAYTAG CORPORATION, sued as successor in interest<br>and/or surviving corporation NORGE CORPORATION |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PAYLESS CLEANERS, et al.,<br><br>　　　　　Defendants. | CASE NO. CIVS-02-2389 LKK DAD<br><br>ASSIGNED FOR ALL PURPOSES TO HONORABLE LAWRENCE K. KARLTON COURTROOM 4<br><br>COMPLAINT FILED:　　10/31/02<br>TRIAL DATE:　　　　NONE SET<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND MATERIALS** |
| RICHARD C. PETERS and RAMONA W. PETERS, individually and as Trustee of the PETERS FAMILY TRUST,<br><br>　　　　　Third Party Plaintiffs,<br><br>vs.<br><br>VICTOR STRAIN; NORGE CORPORATION, MAYTAG CORPORATION, as successor in interest and/or surviving corporation of NORGE CORPORATION; A. DODD CARR, MARVEL L. CARR and DOES 1 through 50, inclusive,<br><br>　　　　　Third Party Defendants | |

/ / /

/ / /

-1-

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND MATERIALS; [PROPOSED] ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

This protective order is entered into by stipulation among counsel for third party plaintiffs RICHARD C. PETERS and RAMONA W. PETERS, individually and as Trustee of the PETERS FAMILY TRUST ("Peters") and third party defendant MAYTAG CORPORATION, sued as successor in interest and/or surviving corporation NORGE CORPORATION ("Maytag") and upon execution by the court shall be binding upon all parties subsequently entering into this stipulation.

WHEREAS, the parties to this stipulation anticipate that discovery in this action will include documents and information which are sensitive, proprietary and confidential; and

WHEREAS, the parties to this stipulation wish to protect the confidentiality of such documents and information, and ensure that the parties can obtain and pursue discovery with a minimum of delay and expense;

IT IS HEREBY STIPULATED, as follows:

1. This Order shall govern and be limited to the May 1, 2002 Settlement Agreement to be produced by Maytag to Peters in the above-captioned matter.

2. When used in this Stipulated Protective Order:

   (a) "Person" means any natural person, and any legal or business entity;

   (b) "Document" shall refer to the original or copies or drafts of any written, printed, typed, recorded or graphic matter whatsoever, however produced or reproduced, of any kind or description, including, but not limited to affidavits, declarations, certificates, letters, mailgrams, correspondence, telegrams, memoranda, records, minutes, contracts, agreements, notes, records or notations of telephone or personal conversations or conferences, bulletins, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, sales receipts, purchase orders, delivery receipts, work sheets, teletype messages, tape recordings, bookkeeping, accounting and tax records, balance sheets, inventory reconciliations and lists, canceled checks, check stubs and business and personal checkbooks, plans, drawings, blueprints, test records, financial data and analyses, leases, assignments, photographs, videotapes and all things similar to the foregoing;

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND MATERIALS; [PROPOSED] ORDER**

OC/348508v1

PDF created with pdfFactory trial version www.pdffactory.com

1  (c) "Party" or "Parties" shall mean and refer to Peters, Maytag, any Party, plaintiff, and/or defendant(s) and/or third party plaintiff and/or third party defendant, in the above-entitled action;

(d) "Counsel for the Parties" shall mean any member or associate of a law firm or in-house counsel representing any Party or Parties in the above-entitled action;

(e) "Disclosing Party" shall mean the Party disclosing, furnishing or producing, whether directly or indirectly, any Documents who has identified or seeks to identify such information as within the protective provisions of this Stipulated Protective Order;

(f) "Receiving Party" shall mean the Party who first receives any Documents from the "Disclosing Party;"

(g) "Qualified Persons" are limited to:

(i.) Counsel for the Parties;

(ii.) Paralegal, Non-technical and clerical staff employed by Counsel for the Parties in connection with the preparation for and the trial of this action;

(iii.) Independent personnel retained or consulted by Counsel for the Parties to furnish technical or other expert services or advice or to give expert testimony (hereinafter "Experts");

(iv.) Officers of and employees of a Party, where needed for the preparation for and trial of this action.

(v.) Trial witnesses, deponents, and the attorney for said Deponents;

(h) "Order" shall mean this Stipulated Protective Order.

3. All Parties agree that the designation of material as Confidential is made after a good faith determination that the material is, under Federal and/or California law, sensitive, proprietary and/or confidential financial, commercial or other information which would be entitled to protection by a protective order entered upon noticed motion.

/ / /

/ / /

-3-
**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND MATERIALS; [PROPOSED] ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

4. Confidential materials include all documents produced by Maytag, and are designated and identified as such by Bates Numbers MAY 0001-MAY 0015. The designation of material as Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that material. In addition, within sixty (60) days after receiving the original transcript of any deposition of one of its officers, directors, employees, agents or representatives, a Party may designate page and line numbers of Confidential material contained therein.

5. No Confidential material or any copies thereof, and information obtained from inspecting such material and notes made therefrom, shall be used by any person or Party for any purpose other than the preparation for and trial of this action. Any Confidential material, and any copies thereof and notes made therefrom, shall be disclosed only to Qualified Persons.

6. No Confidential material received by any Party in this lawsuit, or the contents thereof, may be revealed or disclosed to any person or entity not described in Paragraph 1, subparagraph (g), parts (i) through (vi), including but not limited to members of the press.

7. No Confidential material shall be disclosed to a Qualified Person described in Paragraph 1, subparagraph (g), parts (ii) through (vi), unless and until such person has executed a Declaration in the form of Attachment "A" hereto, indicating such person has read the terms of this Order and agrees to be bound hereby. Copies of executed Declarations shall be maintained by the Counsel for the Receiving Party and shall be produced forthwith by the Receiving Party upon request by any other Party.

8. If any Confidential material is utilized or referred to during depositions or a question is asked at a deposition calling for any Confidential material, then Counsel for the Designating Party may designate a portion of the transcript as sealed and may further request that only Qualified Persons, the deponent, and the court reporter shall be present during the deposition. In the event any Confidential material is entered into evidence as exhibits to deposition or trial, its use shall be bound by the terms of this Order and shall be placed under seal.

/ / /

/ / /

-4-
**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND MATERIALS; [PROPOSED] ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

9. If, in connection with any motion, hearing, trial or other proceeding before the Court, any Party intends to file a brief, memorandum, Declaration or other paper or any Documents, exhibits or other materials that reveal or may reveal Confidential material or the contents thereof, the Documents filed with the Court shall be submitted in a sealed envelope marked "CONFIDENTIAL - FILED UNDER SEAL." Such Confidential material, including copies filed with the Court and served on other Parties, shall bear upon their face the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

10. Counsel for the Parties shall keep all material or information designated as Confidential which is received under this Order within their exclusive possession and control and shall immediately place such material and information in a secure and segregated location. Only Qualified Persons shall be permitted access to the foregoing location. If a central depository is established for all Parties, the custodian thereof shall be provided a copy of this Order and required to execute a copy of the Declaration contained in Attachment "A." The custodian of the depository shall further be directed to keep all Confidential material in a separate location from all other Documents, and permit access thereto by only Qualified Persons who have executed the Declaration contained in Attachment "A." The custodian of the depository shall also keep a log of all confidential documents copied by or on behalf of any party, including an index of the specific documents copied. The information kept in this log shall not be disclosed to any party, person or entity except upon order of the Special Master or the Court issued upon duly noticed motion for good cause shown.

11. Any and all copies of Confidential material shall be made in such a manner as to include the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the copy. All extracts, summaries or descriptions of the materials designated as Confidential shall indicate that such information is Confidential and subject to the terms of this Order, and bear the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." All such extracts, summaries or descriptions of the materials designated as Confidential shall only be disclosed to Qualified Persons who have executed the Declaration contained in Attachment "A."

PDF created with pdfFactory trial version www.pdffactory.com

12. Material or information claimed to be Confidential that is subject to dispute as to whether it is, in fact, Confidential material or information shall, until further order of the Court, be treated as Confidential in accordance with the provisions of this Order.

13. Within sixty (60) days following final termination of this action, including any appeal after judgment (including without limitation the filing of a Stipulation for Dismissal; Entry of Judgment and subsequent recordation of an Acknowledgment of Satisfaction of Judgment; the granting of a Motion to Vacate Consent Order upon the completion of acts of injunctive relief; or other similar acts terminating a cause of action), all Confidential material and any copies, duplicates, notes, abstracts or summaries thereof, shall be returned to the Party that produced such material. All Declarations executed pursuant to Paragraph 7 hereof shall be transmitted to counsel for producing party within the same period of time.

14. Upon final termination of this action, the provisions of this Order shall continue to be binding. This Court retains jurisdiction over the Parties for enforcement of the provisions of this Order following final termination of this action.

15. Nothing in this Order shall be construed as a waiver by Maytag of the right to object to the subject matter of any requests for discovery in this action. The execution of this Order shall not be construed as an agreement by Maytag to produce any documents or provide any information and shall not constitute an admission by Maytag that any document(s) or information that may exist are relevant in any way to the issues raised in this action; nor shall the execution of this Order be construed as a waiver by Maytag of any privilege or immunity with respect to any document or information. Maytag specifically reserves the right to seek such further protective orders from this Court or dissolve, in whole or in part, any protective order, as it deems necessary.

/ / /
/ / /
/ / /
/ / /
/ / /

PDF created with pdfFactory trial version www.pdffactory.com

16. Any disputes about the validity and/or interpretation of this Order, or any portion thereof, shall be resolved pursuant to the laws of the State of California and applicable Federal Rules of Evidence and Civil Procedure.

17. This Order may be executed in counterparts.

DATED: January 10, 2006  SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Richard A. Crites
CURTIS D. PARVIN
RICHARD A. CRITES
Attorneys for Third Party Defendant
MAYTAG CORPORATION sued as
successor in interest and/or surviving corporation of
NORGE CORPORATION

DATED: December 29, 2005  GREBAN & ASSOCIATES

By: /s/ Joseph B. Adams
JAN A. GREBAN
JOSEPH B. ADAMS
Attorneys for Attorneys for Defendants RICHARD C. PETERS and RAMONA W. PETERS, individually and as Trustee of the PETERS FAMILY TRUST

IT IS SO ORDERED.

Dated: February 13, 2006

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/maytag.ord

PDF created with pdfFactory trial version www.pdffactory.com

## ATTACHMENT "A"
### Declaration

I, _____, hereby acknowledge that I have read the Stipulated Protective Order entered by the parties to the action entitled *California Department of Toxic Substances Control v. Payless Cleaners, et al.,* USDC Court Case No. CIVS 02 2389 LKK DAD, and agree to be bound by the terms thereof. I also acknowledge that I have received documents pursuant to the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____, 200__, at _____, California.

_____
Signature

PDF created with pdfFactory trial version www.pdffactory.com