UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF TOXIC
SUBSTANCES CONTROL,

    Plaintiff,

  v.                                        NO. CIV. S-02-2389 LKK/DAD

PAYLESS CLEANERS; COLLEGE
CLEANERS; HEIDINGER CLEANERS;
NORGE VILLAGE CLEANERS; CAVA,
INC., a California corporation;
LOBDELL CLEANERS; CITY OF CHICO;
NORVILLE R. WEISS; JANET L. WEISS;
PAUL A. TULLIUS; VICTORIA TULLIUS;
ROBERT H. HEIDINGER; INEZ N.         O R D E R
HEIDINGER; 5TH AND IVY, a general
partnership; RICHARD C. PETERS and
RAMONA W. PETERS, individually and
as Trustees of the Peters Family
Trust; BETTY M. ROLLAG; RANDALL
ROLLAG; and TAMI ROLLAG,

    Defendants.
_____/

AND RELATED COUNTER-CLAIMS.
_____/

    Third party plaintiffs Richard Peters and Ramona Peters (the "Peters" or "plaintiffs") are defendants in a cost recovery

1

suit regarding perchloroethylene ("PCE") contamination in the city of Chico, California. The Peters have brought third party claims for contribution and indemnity pursuant to CERCLA, 42 U.S.C. §§ 9601 et seq., as well various state law claims against third party defendants Maytag Corporation and Fedders Corporation.

Pending before the court is Maytag and Fedders' motion for summary judgment on four of the Peters' state law claims: (1) strict products liability, (2) negligence, (3) negligence per se, and (4) nuisance per se. Defendants assert that the claims are barred by the applicable three year statute of limitations because they accrued in 1989, when the Peters were informed via letter by the Department of Health Services (now the Department of Toxic Substances Control ("DTSC")) that their property was found to contain high concentrations of PCE in the soil.

The Peters, in contrast, contend that their claims did not accrue upon the mere knowledge of PCE's presence on their property, but rather upon a determination that PCEs contaminated it. Because they believe such contamination did not occur until 2002, when DTSC named the Peters in the present case, plaintiffs argue their claims filed in 2003 are timely under the three year statute of limitations.

Previously, on March 18, 2005, the court held that there was a distinction between the mere presence of PCE, which would not give rise to suit, and the contamination of property by PCE, which would. This "mere presence" versus "contamination"

distinction was based upon precedent from asbestos cases holding that only contamination of property, not the mere presence of asbestos, constitutes the physical damage necessary for accrual of negligence and strict liability claims in California. <u>San Francisco Unified School Dist. v. W.R. Grace & Co.</u>, 37 Cal. App. 4th 1318, 1335 (1995).

Based upon the court's independent research, however, it appears that California case law now requires plaintiffs to allege physical damage to property beyond economic costs related to contamination in order to state negligence and strict liability claims. <u>See</u> <u>County of Santa Clara v. Atlantic Richfield Co.</u>, 137 Cal. App. 4th 292, 320 (2006) (concluding that economic "costs for the abatement, removal, replacement, and/or remediation of lead" contamination do not constitute cognizable physical injury to property), interpreting <u>Aas v. Superior Court</u> 24 Cal. 4th 627 (2000). Plaintiffs do not allege, and it is not clear that they could allege, such physical damage.

Because the parties have not addressed this subsequent development in case law, the court hereby orders as follows:

1. The Peters and Maytag and Fedders are ORDERED to file supplemental briefs, no longer than 10 pages in length, by August 9, 2007 at 5:00 p.m. addressing the issue set forth above.

2. The hearing on the motion for summary judgment (Doc. 219) is hereby CONTINUED to August 13, 2007 at 10:00 a.m.

3.   The hearing on the motion to dismiss (Doc. 225) is hereby CONTINUED to August 13, 2007 at 10:00 a.m.

         IT IS SO ORDERED.

         DATED: July 30, 2007.

                                         /s/ Lawrence K. Karlton
                                         _____
                                         LAWRENCE K. KARLTON
                                         SENIOR JUDGE
                                         UNITED STATES DISTRICT COURT