UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF TOXIC
SUBSTANCES CONTROL,

    Plaintiff,

  v.                                    NO. CIV. S-02-2389 LKK/DAD

PAYLESS CLEANERS; COLLEGE
CLEANERS; HEIDINGER CLEANERS;
NORGE VILLAGE CLEANERS; CAVA,
INC., a California corporation;
LOBDELL CLEANERS; CITY OF CHICO;
NORVILLE R. WEISS; JANET L. WEISS;
PAUL A. TULLIUS; VICTORIA TULLIUS;
ROBERT H. HEIDINGER; INEZ N.         O R D E R
HEIDINGER; 5TH AND IVY, a general
partnership; RICHARD C. PETERS and
RAMONA W. PETERS, individually and
as Trustees of the Peters Family
Trust; BETTY M. ROLLAG; RANDALL
ROLLAG; and TAMI ROLLAG,

    Defendants.
_____/

AND RELATED COUNTER-CLAIMS.
_____/

    Third party plaintiffs Richard Peters and Ramona Peters ("the Peters" or "plaintiffs") are defendants in a cost recovery suit

1

regarding perchloroethylene ("PCE") contamination in the City of Chico, California. The Peters filed a cross complaint naming various defendants, including Borg-Warner Corporation, as potentially responsible parties due to their alleged manufacture of dry cleaning materials containing PCE. Pending before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) filed by Burns International Services Corporation ("Burns"), which, as explained below, has been mistaken by plaintiffs for the Borg-Warner Corporation named in their complaint. The court resolves the matter on the parties' papers without oral argument. For the reasons set forth below, the motion to dismiss is granted.

The present dispute arises from the Peters' attempt to find and serve the successor-in-interest to Borg-Warner Corporation, which operated Norge Division ("Norge"), a manufacturer of dry cleaning machinery, in the 1960s. The Peters have attempted to serve process on Burns, believing it to be a successor-in-interest to the Borg-Warner Corporation. Based on the evidence submitted, however, it is clear that Burns is not a successor-in-interest to the Borg-Warner Corporation that operated Norge Division.

In order to properly serve process on an entity, plaintiffs "must illustrate that a series of purportedly separate corporations are in fact bound by continuous chains." Hickory Travel Systems v. Tui Ag, 213 F.R.D. at 547, 553-54 (N.D. Cal. 2003). Here, Burns is not bound by a continuous chain to the Borg Warner Corporation that operated Norge Division. While Burns was also once named

"Borg Warner Corporation," its corporate chain of existence is wholly separate from the chain containing the Borg Warner Corporation alleged in the complaint to have operated Norge Division. In other words, this is simply a case of mistaken identity.

As indicated in the certificates of incorporation and amendment provided by Burns, Burns is a company that evolved from a distinct entity called AV Hastings Corporation. AV Hastings was first incorporated in 1987 -- seventeen years after the facts alleged in the complaint. Decl. of Michael Moirano ("Moirano Decl.") ¶¶ 9-12. Plaintiffs' confusion stems from a series of name changes AV Hastings underwent beginning in the 1980s. In 1987, AV Hastings was renamed Borg-Warner Holdings Corporation, and in 1988, renamed Borg-Warner Corporation. Id. ¶¶ 9-11. In 1993, its name was changed again to Borg Warner Security Corporation, and, in 1999, changed once more to its current name, Burns International Services Corporation. Id. ¶¶ 12, 13.

This corporate chain is distinct from the chain containing the Borg-Warner Corporation that controlled Norge division in the early 1960s. That Borg-Warner Corporation ceased to exist in 1987, when it merged into BW Transmissions & Engine Components Corporation, with BW Transmissions & Engine Components Corporation serving as the surviving entity. Moraino Decl. ¶¶ 5, 14. This merged entity underwent a series of name changes and eventually became known as Borg Warner Morse Tec Inc., a company that still exists today. Id. ¶¶ 5-8.

The Peters maintain that Burns is a successor-in-interest to a company that operated Norge based on the following theory. Plaintiffs allege that the Norge Division became part of Borg Warner Security Corporation before being sold to Fedders Corporation in 1968. They base this allegation solely upon the following statement from Fedders' discovery response:

> Fedders admits that it is a successor-in-interest to Norge Sales Corporation, Inc. which was subsequently made a division of Borg-Warner Security Corporation and then sold to Fedders Corporation in 1968.

Decl. of Joseph Adams. ("Adams Decl."), Ex. L 3:9-12. Because there is an entity named Borg Warner Security Corporation within Burns' corporate history, plaintiffs claim that Burns' is therefore a successor-in-interest to an entity which controlled Norge division.

As Burns argues, however, the inclusion of the word "Security" within the name of the company that sold Norge to Fedders is plain error. The Borg Warner Security Corporation to which Burns is a successor was not (and could not have been) involved in the transaction concerning Norge, for the following reasons.

First, the 1968 purchase agreement for Norge Division, which plaintiffs themselves have provided, indicates that the sale of Norge to Fedders was not completed by an entity named Borg Warner Security Corporation, but rather an entity simply named Borg Warner Corporation. Adams Decl. ¶ 6, Ex. C. A Wall Street Journal article detailing the sale, dated July 3, 1968 also lists "Borg Warner Corporation" as the seller, with no mention of an entity

called Borg Warner Security Corporation. Id., Ex. C. This information is consistent with Burns' characterization of the corporation's history.

Second, Burns presents evidence that the entity called Borg Warner Security Corporation to which Burns is a successor-in-interest did not exist until 1993, many years after the sale of Norge to Fedders was made. Moraino Decl., Ex. F (certificate of amendment showing name change to Borg Warner Security Corporation, dated 1993). Plaintiffs have not presented evidence to refute any of this information or to otherwise establish that Borg Warner Security Corporation existed before 1993.

In short, Burns is not a successor-in-interest to the Borg-Warner Corporation that operated Norge Division, and is therefore not a proper party to this action. See Hickory Travel Systems, 213 F.R.D. at 553-54. Accordingly, the court orders as follows:

1. Burns' motion to dismiss (Doc. 225) is GRANTED.

2. The hearing on the motion to dismiss currently set for August 13, 2007 is VACATED.

3. The default judgment entered against Borg-Warner Corporation (Doc. 208) is VACATED.

IT IS SO ORDERED.

DATED: August 3, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT