EDMUND G. BROWN JR.
Attorney General of the State of California
TOM GREENE
  Chief Assistant Attorney General
THEODORA BERGER
  Senior Assistant Attorney General
SALLY KNOX
  Supervising Deputy Attorney General
CHRISTOPHER CROOK (S.B. # 50339)
KIRK McINNIS (S.B. # 130952)
TIMOTHY E. SULLIVAN (S.B. # 197054)
  Deputy Attorneys General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 622-4038
  Fax:  (510) 622-2270
  Email:  Timothy.Sullivan@doj.ca.gov

Attorneys for Plaintiff California
Department of Toxic Substances Control

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **California Department of Toxic Substances Control,**<br><br>Plaintiff,<br><br>v.<br><br>**Payless Cleaners, et al.,**<br><br>Defendants. | Civ. S-02-2389 LKK DAD<br><br>**SETTLEMENT AGREEMENT AND CONSENT DECREE BETWEEN DTSC AND NORVILLE WEISS, JANET WEISS, ROBERT HEIDINGER, COLLEGE CLEANERS, HEIDINGER CLEANERS, BETTY ROLLAG, RANDALL ROLLAG, TAMI ROLLAG, LOBDELL CLEANERS, PAUL A. TULLIUS, AND VICTORIA TULLIUS** |

## **INTRODUCTION**

Plaintiff, the California Department of Toxic Substances Control ("DTSC"), filed a

second amended complaint on December 8, 2004, (the "Complaint") in the United States

1.

District Court for the Eastern District of California (the "Court"), pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq., and California state law governing the release of hazardous substances, and nuisance. This Consent Decree embodies the settlement reached between DTSC and defendants Norville Weiss and Janet Weiss (collectively referred to herein as "the Weisses"), defendants Robert Heidinger, College Cleaners (for the period during which College Cleaners was operated by Robert Heidinger), and Heidinger Cleaners (collectively referred to herein as "Heidinger"), defendants Betty Rollag, Randall Rollag, Tami Rollag, College Cleaners (for the period during which College Cleaners was operated by Betty Rollag), and Lobdell Cleaners (collectively referred to herein as "the Rollags"), and Paul A. Tullius and Victoria Tullius (collectively referred to herein as "the Tulliuses"). All of the defendants listed above are collectively referred to in this Consent Decree as the "Settling Defendants."

The Court, on the motion and with the consent of DTSC and the Settling Defendants, hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1. **DEFINITIONS**

    A. All terms used in this Consent Decree that are defined in section 101 of CERCLA, 42 U.S.C. § 9601, shall have the same meaning set forth in that section.

    B. "DTSC," as used in this Consent Decree, shall mean DTSC, its predecessors including, but not limited to, the Toxic Substances Control Program of the State of California Department of Health Services, and its successors.

    C. "Southwest Chico Plume" means both the soil and groundwater existing in the shallow, intermediate, and/or lower aquifers underlying the city of Chico mostly south of Big Chico Creek that are contaminated with perchloroethylene and its breakdown products, the area of which is roughly represented by Figure 2 of the "Groundwater Monitoring Report, Third Quarter 2006, Chico Southwest Plume, Chico, California," dated October 20, 2006 (attached hereto as Exhibit A and incorporated herein by this reference), and all locations where such contaminants may come to be located in the future.

    D. "Response Costs," as used in this Consent Decree, shall include all costs

of "removal," "remedial action," or "response" (as those terms are defined by section 101 of CERCLA), incurred or to be incurred by DTSC in response to the release or threatened release of hazardous substances at, in, or from the Chico Southwest Plume. Said term shall include, but not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing claims against persons or entities liable for the release or threatened release of hazardous substances at, in, or from the Chico Southwest Plume; indirect costs; oversight costs; applicable interest charges; and attorneys' fees.

      E.    "Remedial Action Plan," as used in this Consent Decree, shall mean a remedial action plan prepared to address the release or threatened release of hazardous substances at, in, or from the Chico Southwest Plume and finally approved by DTSC as described in California Health and Safety Code section 25356.1, and also includes any amendments to the remedial action plan that are subsequently approved by DTSC.

      F.    "Effective Date" is the day on which this Consent Decree is entered as an order of the Court.

2. **RECITALS**

      A.    DTSC is the California state agency with primary jurisdiction over the response to the release and threatened release of hazardous substances at, in, or from the Chico Southwest Plume.

      B.    By and through its Complaint, DTSC seeks to recover jointly and severally from the Settling Defendants, and other defendants who are not parties to this Consent Decree, all costs it has incurred in response to releases and/or threatened releases of hazardous substances at, in, or from the Chico Southwest Plume, pursuant to section 107(a) of CERCLA. DTSC also seeks a declaratory judgment that defendants are jointly and severally liable for all additional costs incurred by DTSC in response to the releases and/or threatened releases of hazardous substances at, in, or from the Chico Southwest Plume pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2). DTSC alleges that it will continue to incur Response Costs until the remedy selected in the Remedial Action Plan, and implementation, operation and

maintenance of that remedy, is completed. DTSC also seeks injunctive relief to abate a public nuisance (California Health and Safety Code section 58009) and to abate an imminent or substantial endangerment to public health and safety or to the environment (California Health and Safety Code section 25358.3).

  C. By entering into this Consent Decree, the Settling Defendants make no admission of liability.

  D. Each of the parties to this Consent Decree represents and acknowledges that, in deciding whether to enter into this Consent Decree, it has not relied on any statement of fact, statement of opinion, or representation, express or implied, made by any other party to this Consent Decree. Each of the parties to this Consent Decree has investigated the subject matter of this Consent Decree to the extent necessary to make a rational and informed decision to execute it, and has had the opportunity to consult independent counsel.

  E. DTSC and the Settling Defendants agree that settlement without further litigation and without the admission or adjudication of any issue of fact or law is the most appropriate means of resolving this action. This Consent Decree was negotiated and executed by DTSC and the Settling Defendants in good faith to avoid prolonged and complicated litigation. DTSC, moreover, has negotiated and executed this Consent Decree to further the public interest and to protect human health and the environment.

  3. **JURISDICTION**

  This Court has jurisdiction over DTSC's federal law claims, which arise under CERCLA, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). This Court has jurisdiction over DTSC's state law claims under the supplemental jurisdiction provision of 28 U.S.C. § 1367(a) and under 28 U.S.C. § 2201, in that the state and federal claims arise from common facts relating to the release of hazardous substances and remediation of or failure to remediate the resulting contamination. This Court has personal jurisdiction over each of the parties to this Consent Decree. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b). This Court, further, has the authority to enter this Consent Decree as a consent decree of the Court.

4.

4. **SETTLEMENT OF DISPUTED CLAIMS**

4.1     This Consent Decree represents a fair, reasonable, and equitable settlement of the matters addressed herein.

4.2     For the purposes of this Consent Decree, the Settling Defendants admit none of the allegations of the Complaint. Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law. Notwithstanding the foregoing, each of the Settling Defendants acknowledges its responsibility pursuant to this Consent Decree to perform those acts it has agreed to undertake in this Consent Decree, and shall not deny such responsibility in any proceeding brought by DTSC to enforce this Consent Decree.

4.3     Except as set forth in section 11 of this Consent Decree, nothing in this Consent Decree shall prejudice, waive, or impair any right, remedy or defense that the Settling Defendants may have in any other or further legal proceeding.

5. **PAYMENTS BY SETTLING DEFENDANTS**

5.1     Upon the Effective Date, the Weisses shall be liable to DTSC for a total payment of seven hundred thousand dollars ($700,000.00). Within thirty (30) calendar days of the Effective Date, the Weisses shall pay this amount to DTSC as described below in section 5.5.

5.2     Upon the Effective Date, Heidinger shall be liable to DTSC for a total payment of four hundred thousand dollars ($400,000.00). Within thirty (30) calendar days of the Effective Date, Heidinger shall pay this amount to DTSC as described below in section 5.5.

5.3     Upon the Effective Date, the Rollags shall be liable to DTSC for a total payment of four hundred seventy-five thousand dollars ($475,000.00). Within thirty (30) calendar days of the Effective Date, the Rollags shall pay this amount to DTSC as described below in section 5.5.

5.4     Upon the Effective Date, the Tulliuses shall be liable to DTSC for a total payment of ten thousand dollars ($10,000.00). Within thirty (30) calendar days of the Effective Date, the Tulliuses shall pay this amount to DTSC as described below in section 5.5.

5.5     Payments described in sections 5.1, 5.2, 5.3, and 5.4 will be made by check made out to the California Department of Toxic Substances Control and identified with the Court's docket number of this case and "Site No. 100504." Payment shall be mailed to:

> Department of Toxic Substances Control
> Cashier, Hazardous Substance Account
> P. O. Box 806
> Sacramento, CA 95812-0806

A copy of the check shall be mailed to:

> Jim Tjosvold
> Chief, Northern California Central Cleanup Operations Branch
> Department of Toxic Substances Control
> 8800 Cal Center Drive
> Sacramento, CA 95826-3200
> Attn: Donald Mandel, Project Manager for Chico Southwest Plume
>
> Timothy E. Sullivan
> Office of the Attorney General
> P.O. Box 70550
> Oakland, CA 94612

6.  **OBLIGATIONS OF THE WEISSES**

6.1     The Weisses will transfer ownership of all monitoring wells they own in the Chico Southwest Plume to DTSC, effective upon the Effective Date. The Weisses will prepare documentation necessary to effectuate the transfer of ownership of the wells, and provide to DTSC keys to access monitoring wells in the groundwater sampling and monitoring program. After transfer of ownership of the wells to DTSC, the Weisses shall have no further obligations with respect to such wells.

6.2     Immediately upon entry of this Consent Decree, the Weisses will require their consultants and contractors to provide to DTSC in electronic format historical site data, site figures, groundwater model files, and word processing files containing the text of final reports submitted to DTSC by the Weisses.

6.3     Except as otherwise stated in sections 6.1 and 6.2, nothing in this Consent Decree requires the Weisses to conduct or pay for any further work in the Chico Southwest Plume.

6.

7. **CERTIFICATION OF AND RELIANCE ON INFORMATION PROVIDED BY THE TULLIUSES; ACCESS**

7.1 In entering into this Consent Decree, the Tulliuses have certified under penalty of perjury that:

(a) The Tulliuses have done a reasonable investigation to locate all applicable insurance policies and have found no insurance policy(s) that would cover the release of hazardous substances from 430 West Seventh Street, Chico, California; and

(b) The Tulliuses have disclosed true, correct, and complete financial information, including income tax returns, to DTSC regarding their ability to pay any response costs for the Southwest Chico Plume.

7.2 The Tulliuses certify that the above declaration are true and correct. DTSC certifies that it has relied on these declarations in entering into this Consent Decree.

7.3 The Tulliuses agree to fully cooperate with DTSC and/or its contractors and allow access to the property at 430 West Seventh Street, Chico, California, if it is determined by DTSC that soil or groundwater sampling is needed.

8. **GOVERNMENT LIABILITIES**

Neither DTSC nor any other department or agency of the State of California shall be liable for any injuries or damages to persons or property resulting from acts or omissions by the Settling Defendants in carrying out activities pursuant to this Consent Decree. Neither DTSC nor any other department or agency of the State of California shall be held as a party to any contract entered into by the Settling Defendants or their agents in carrying out activities pursuant to this Consent Decree unless the contract is entered into in writing by DTSC or such other department or agency of the State of California.

9. **COVENANT NOT TO SUE BY DTSC**

9.1 Except as specifically provided in sections 9.2 and 10, below, and except as may be necessary to enforce the terms of this Consent Decree, as of the date this Consent Decree is entered as a consent decree of the Court, DTSC covenants not to sue the Settling Defendants for "Matters Addressed" by this Consent Decree. "Matters Addressed" includes

7.

any and all civil liability for reimbursement of all or any portion of DTSC's Response Costs, past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for Response Costs and/or response actions, with regard to releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume, as set forth in the Complaint.

9.2 "Matters Addressed" shall not include, and the covenant not to sue set forth in section 9.1 above does not pertain to, any matters other than those expressly specified in section 9.1. DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims and causes of action DTSC may have against the Settling Defendants with respect to all other matters, including releases or threatened releases of hazardous substances in the city of Chico other than releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume.

10. **RESERVATION OF RIGHTS**

10.1 The Covenant Not to Sue set forth in section 9.1 above does not pertain to the following matters, which DTSC reserves, and this Consent Decree is without prejudice to all rights and claims of DTSC against the Settling Defendants with respect to the following:

(a) failure of the Settling Defendants to meet the requirements of this Consent Decree;

(b) damage to natural resources, as defined in section 101(6) of CERCLA, 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees; and

(c) criminal liability.

10.2 Except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its authority under any law, statute or regulation. Furthermore, nothing in this Consent Decree is intended, nor shall it be construed, to preclude any other state agency, department, board or entity or any federal entity from exercising its authority under any law, statute or regulation.

8.

11. **COVENANT NOT TO SUE BY THE SETTLING DEFENDANTS**

11.1   The Settling Defendants covenant not to sue, and agree not to assert any claims or causes of action against, DTSC, or its contractors or employees, for any costs or damages the Settling Defendants might incur or for any injuries or losses the Settling Defendants might suffer as a result of its performance of the requirements of this Consent Decree.  The Settling Defendants further covenant not to sue, and agree not to assert any claims or causes of action against, DTSC, or its contractors or employees, for any and all civil liability for reimbursement of all or any portion of the Settling Defendants' response costs, past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for response costs and/or response actions, with regard to releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume.

11.2   Each Settling Defendant covenants not to sue, and agrees not to assert any claims or causes of action against any other Settling Defendant, or its contractors or employees, for any and all civil liability for reimbursement of all or any portion of the Settling Defendant's response costs, past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for response costs and/or response actions, with regard to releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume.

12. **EFFECT OF CONSENT DECREE**

12.1   This Consent Decree constitutes the resolution of the Settling Defendants' liability to DTSC with respect to the Matters Addressed in a judicially approved settlement within the meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

12.2   Accordingly, upon entry of this Consent Decree as a consent decree of the Court, and provided that each Settling Defendant performs all of its obligations under this Consent Decree, each Settling Defendants shall be entitled, as of the date this Consent Decree is

entered as a consent decree of the Court, to protection against all claims for contribution, pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for the Matters Addressed by this Consent Decree (as described in section 9), to the fullest extent permitted by law.

12.3     Except as specifically provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to waive, release, or otherwise affect any right, claim, or cause of action held by any party to this Consent Decree against, or to provide a covenant not to sue to, any third person not a party to this Consent Decree, or to in any way limit, restrict, or impair the right of any party to this Consent Decree to assert rights, claims, causes of actions, and defenses against any third person not a party to this Consent Decree, including without limitation, the right to seek payment, reimbursement, contribution, or indemnity from such persons for obligations incurred or to be incurred, or actions taken or to be taken, under this Consent Decree.  Except as specifically provided in this Consent Decree, DTSC and the Settling Defendants expressly reserve any rights, claims, or causes of actions they might have against any third person not a party to this Consent Decree.

12.4     This Consent Decree is contingent and dependent on all of its terms being approved and entered by the Court.  If the Court does not approve and enter this Consent Decree, DTSC and the Settling Defendants reserve all of their respective rights, remedies, and defenses.

12.5     This Consent Decree is not intended, nor shall it be construed, to limit or otherwise affect DTSC's right to select a remedial action for the Chico Southwest Plume.

13.     **RETENTION OF RECORDS**

13.1     The Settling Defendants shall provide to DTSC, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to the implementation of this Consent Decree, including, but not limited to design specifications, reports of construction activities, contracts, invoices, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, easements, permits, grants of access to public property, and city government resolutions.  Such records shall be preserved by the Settling Defendants until 10 years after the

10.

Effective Date, or 10 years after creation of a record or document, whichever is later.

13.2 The Settling Defendants may assert that certain documents, records, and other information are privileged under the attorney-client privilege or any other privilege recognized by law. If the Settling Defendants assert such a privilege, they shall provide DTSC with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient of the document, record, or information; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by the Settling Defendants. However, no documents, records, or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to DTSC in redacted form to mask the privileged information only. The Settling Defendants shall retain all records and documents they claim to be privileged until DTSC has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

14. **NOTIFICATION**

14.1. Notification to or communication between the parties to this Consent Decree as required or provided for in this Consent Decree shall be addressed as follows (except that information required to be sent to DTSC pursuant to section 6 shall be sent only to Mr. Tjosvold):

As to DTSC:

> Jim Tjosvold
> Chief, Northern California Central Cleanup Operations Branch
> Department of Toxic Substances Control
> 8800 Cal Center Drive
> Sacramento, CA 95826-3200
> Attn: Donald Mandel, Project Manager for Chico Southwest Plume
> facsimile: (916) 255-3696

11.

Judith Tracy, Esq.
Office of Legal Counsel
Department of Toxic Substances Control
1001 "I" Street
P.O. Box 806
Sacramento, CA 95812
facsimile: (916) 323-5542

Timothy E. Sullivan, Esq.
Deputy Attorney General
California Department of Justice
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
facsimile: (510) 622-2270

As to the Weisses:

Norville R. Weiss
P.O. Box 806
Chico, California 95927

Philip C. Hunsucker, Esq.
David A. Rabbino, Esq.
Resolution Law Group, P.C.
3717 Mt. Diablo Blvd.
Suite 200
Lafayette, CA 94549
facsimile: (925) 284-0870

As to Heidinger:

Robert Heidinger
c/o Barbara Heidinger
1194 Manchester Road
Chico, CA 95926

David R. Isola, Esq.
Jeffrey Hawkins, Esq.
Isola & Ruiz, LLP
701 South Ham Lane, Second Floor
Lodi, CA 95242
(209) 367-7055
fax: (209) 367-7056

As to the Rollags:

Randy Rollag
Tami Rollag
Betty Rollag
1000 Main Street
Chico, CA 95928

12.

Jonz Norine, Esq.
Kenny & Snowden
P.O. Box 994608
Redding, CA 96099-4608
(530) 225-8990
facsimile: (530) 241-5734

As to the Tulliuses:

Paul Tullius
2693 Hegan Lane
Chico, CA 95928
(530) 893-1633

14.2. Upon 10 days notice to the other party, a party to this Consent Decree may substitute another person for an addressee named above to receive notifications or communications as required or provided for in this Consent Decree.

15. **MODIFICATION OF CONSENT DECREE**

This Consent Decree may only be modified upon the written agreement of DTSC and the Settling Defendants and the approval of the Court, or upon order of the Court after noticed motion by a party to this Consent Decree.

16. **APPLICATION OF CONSENT DECREE**

This Consent Decree shall apply to and be binding upon DTSC, the Settling Defendants, and each of their respective successors and assigns. The provisions of this Consent Decree shall inure to the benefit of DTSC, the Settling Defendants, and each of their respective successors and assigns. The provisions of this Consent Decree shall also inure to the benefit of the employees and agents of the Settling Defendants, in their capacities as such.

17. **AUTHORITY TO ENTER**

Each signatory to this Consent Decree certifies that he or she is fully authorized by the party he or she represents to enter into this Consent Decree, to execute it on behalf of the party represented, and legally to bind that party.

18. **INTEGRATION**

This Consent Decree, including the exhibits and other materials incorporated herein by reference, constitutes the entire agreement between DTSC and the Settling Defendants and may not be amended or supplemented except as provided for in this Consent

13.

Decree.

19. **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree.

20. **EXECUTION OF DECREE**

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

21. **INTERPRETATION**

California law governs the interpretation of this Consent Decree. This Consent Decree shall be deemed to have been drafted equally by all parties hereto.

22. **ATTORNEYS FEES AND COSTS**

As to each other, each party to this Consent Decree shall bear its own costs, attorneys' fees, expert witness fees and all other costs of litigation. This paragraph shall have no effect on the parties' right to recover these fees or costs from any other party.

23. **APPROVALS OF PARTIES**

Plaintiff DTSC consents to this Consent Decree by its authorized representative as follows:

CALIFORNIA DEPARTMENT OF
TOXIC SUBSTANCES CONTROL

Dated: 6/12/07          /s/
                        James Tjosvold
                        Chief, Northern California-Central Cleanup
                         Operations Branch
                        California Department of Toxic
                        Substances Control

14.

The Weisses consent to this Consent Decree:

                    NORVILLE R. WEISS

DATED: 6/8/07                /s/

                    JANET L. WEISS

DATED: 6/8/07                /s/

Heidinger consents to this Consent Decree:

                    ROBERT HEIDINGER

DATED: 6/18/07              /s/

The Rollags consent to this Consent Decree:

                    BETTY ROLLAG

DATED: 6/7/07                /s/

                    RANDALL ROLLAG

DATED: 6/7/07                /s/

                    TAMI ROLLAG

DATED: 6/7/07                /s/

The Tulliuses consent to this Consent Decree:

                    PAUL A. TULLIUS

DATED: 6/26/07              /s/

                    VICTORIA L. TULLIUS

DATED: 6/26/07              /s/

APPROVED AS TO FORM:

Dated: 6/6/07

EDMUND G. BROWN JR.
Attorney General of the State of California
TOM GREENE
  Chief Assistant Attorney General
THEODORA BERGER
  Senior Assistant Attorney General
SALLY KNOX
  Supervising Deputy Attorney General
CHRISTOPHER CROOK
KIRK McINNIS
  Deputies Attorney General

By   /s/
TIMOTHY E. SULLIVAN
Deputy Attorney General
Attorneys for Plaintiff California Department of Toxic Substances Control

Dated: 6/26/07

By:  /s/
PHILIP C. HUNSUCKER
BRIAN L. ZAGON
DAVID RABBINO
Resolution Law Group, P.C.
Attorneys for Norville R. Weiss and Janet L. Weiss

Dated: 6/26/07

By:  /s/
DAVID R. ISOLA
JEFFREY HAWKINS
Isola & Ruiz, LLP
Attorneys for Robert Heidinger, College Cleaners, and Heidinger Cleaners

Dated: 6/7/07

By:  /s/
JONZ NORINE
Kenny & Snowden
Attorneys for College Cleaners, Lobdell Cleaners, Betty M. Rollag, Randall Rollag, and Tami Rollag

**IT IS SO ORDERED, ADJUDGED AND DECREED:**

Dated: August 14, 2007.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

16.

Settlement Agreement & Consent Decree      Case No. CIV. S-02-2389 LKK DAD