1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  JANET GAARD
     Acting Chief Assistant Attorney General
3  THEODORA BERGER
     Senior Assistant Attorney General
4  SALLY KNOX
     Supervising Deputy Attorney General
5  CHRISTOPHER CROOK (S.B. # 50339)
   KIRK McINNIS (S.B. # 130952)
6  TIMOTHY E. SULLIVAN (S.B. # 197054)
     Deputy Attorneys General
7    1515 Clay Street, 20th Floor
     P.O. Box 70550
8    Oakland, CA  94612-0550
     Telephone:  (510) 622-4038
9    Fax:  (510) 622-2270
     Email:  Timothy.Sullivan@doj.ca.gov
10
   Attorneys for Plaintiff California
11 Department of Toxic Substances Control

12                    UNITED STATES DISTRICT COURT

13             FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15
   **California Department of Toxic Substances**      Civ. S-02-2389 LKK DAD
16 **Control,**
                                                      **SETTLEMENT AGREEMENT AND**
17                                   Plaintiff,        **CONSENT DECREE BETWEEN**
                                                      **DTSC AND 5th & IVY AND 427 IVY**
18          **v.**

19 **Payless Cleaners, et al.,**

20                                  Defendants.

21

22                          **INTRODUCTION**

23         Plaintiff, the California Department of Toxic Substances Control ("DTSC"), filed a

24 second amended complaint on December 8, 2004, (the "Complaint") in the United States

25 District Court for the Eastern District of California (the "Court"), pursuant to the

26 Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

27 U.S.C. §§ 9601 et seq., and California state law governing the release of hazardous substances,

28 and nuisance.  This Consent Decree embodies the settlement reached between DTSC and

                                          1.

1  defendants 5th & Ivy, a general partnership, and 427 Ivy, a limited partnership (collectively

2  referred to herein as the "Settling Defendants").

3       The Court, on the motion and with the consent of DTSC and the Settling

4  Defendants, hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

5       1.    **DEFINITIONS**

6       A.    All terms used in this Consent Decree that are defined in section 101 of

7  CERCLA, 42 U.S.C. § 9601, shall have the same meaning set forth in that section.

8       B.    "DTSC," as used in this Consent Decree, shall mean DTSC, its

9  predecessors including, but not limited to, the Toxic Substances Control Program of the State of

10  California Department of Health Services, and its successors.

11       C.    "Southwest Chico Plume" means both the soil and groundwater existing

12  in the shallow, intermediate, and/or lower aquifers underlying the city of Chico mostly south of

13  Big Chico Creek that are contaminated with perchloroethylene and its breakdown products, the

14  area of which is roughly represented by Figure 2 of the "Groundwater Monitoring Report, Third

15  Quarter 2006, Chico Southwest Plume, Chico, California," dated October 20, 2006 (attached

16  hereto as Exhibit A and incorporated herein by this reference), and all locations where such

17  contaminants may come to be located in the future.

18       D.    "Response Costs," as used in this Consent Decree, shall include all costs

19  of "removal," "remedial action," or "response" (as those terms are defined by section 101 of

20  CERCLA), incurred or to be incurred by DTSC in response to the release or threatened release

21  of hazardous substances at, in, or from the Chico Southwest Plume. Said term shall include, but

22  not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other

23  out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing

24  claims against persons or entities liable for the release or threatened release of hazardous

25  substances at, in, or from the Chico Southwest Plume; indirect costs; oversight costs; applicable

26  interest charges; and attorneys' fees.

27       E.    "Remedial Action Plan," as used in this Consent Decree, shall mean a

28  remedial action plan prepared to address the release or threatened release of hazardous

2.

1  substances at, in, or from the Chico Southwest Plume and finally approved by DTSC as

2  described in California Health and Safety Code section 25356.1, and also includes any

3  amendments to the remedial action plan that are subsequently approved by DTSC.

4     F. "Effective Date" is the day on which this Consent Decree is entered as an

5  order of the Court.

6    2. **RECITALS**

7     A. DTSC is the California state agency with primary jurisdiction over the

8  response to the release and threatened release of hazardous substances at, in, or from the Chico

9  Southwest Plume.

10     B. By and through its Complaint, DTSC seeks to recover jointly and

11  severally from the Settling Defendants, and other defendants who are not parties to this Consent

12  Decree, all costs it has incurred in response to releases and/or threatened releases of hazardous

13  substances at, in, or from the Chico Southwest Plume, pursuant to section 107(a) of CERCLA.

14  DTSC also seeks a declaratory judgment that defendants are jointly and severally liable for all

15  additional costs incurred by DTSC in response to the releases and/or threatened releases of

16  hazardous substances at, in, or from the Chico Southwest Plume pursuant to section 113(g)(2)

17  of CERCLA, 42 U.S.C. § 9613(g)(2).  DTSC alleges that it will continue to incur Response

18  Costs until the remedy selected in the Remedial Action Plan, and implementation, operation and

19  maintenance of that remedy, is completed.  DTSC also seeks injunctive relief to abate a public

20  nuisance (California Health and Safety Code section 58009) and to abate an imminent or

21  substantial endangerment to public health and safety or to the environment (California Health

22  and Safety Code section 25358.3).

23     C. By entering into this Consent Decree, the Settling Defendants make no

24  admission of liability.

25     D. Each of the parties to this Consent Decree represents and acknowledges

26  that, in deciding whether to enter into this Consent Decree, it has not relied on any statement of

27  fact, statement of opinion, or representation, express or implied, made by any other party to this

28  Consent Decree.  Each of the parties to this Consent Decree has investigated the subject matter

3.

1  of this Consent Decree to the extent necessary to make a rational and informed decision to

2  execute it, and has had the opportunity to consult independent counsel.

3          E.      DTSC and the Settling Defendants agree that settlement without further

4  litigation and without the admission or adjudication of any issue of fact or law is the most

5  appropriate means of resolving this action.  This Consent Decree was negotiated and executed

6  by DTSC and the Settling Defendants in good faith to avoid prolonged and complicated

7  litigation.  DTSC, moreover, has negotiated and executed this Consent Decree to further the

8  public interest and to protect human health and the environment.

9      3.      **JURISDICTION**

10         This Court has jurisdiction over DTSC's federal law claims, which arise under

11  CERCLA, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).  This Court has jurisdiction

12  over DTSC's state law claims under the supplemental jurisdiction provision of 28 U.S.C. §

13  1367(a) and under 28 U.S.C. § 2201, in that the state and federal claims arise from common

14  facts relating to the release of hazardous substances and remediation of or failure to remediate

15  the resulting contamination.  This Court has personal jurisdiction over each of the parties to this

16  Consent Decree.  Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §

17  1391(b) and 42 U.S.C. § 9613(b).  This Court, further, has the authority to enter this Consent

18  Decree as a consent decree of the Court.

19     4.      **SETTLEMENT OF DISPUTED CLAIMS**

20         4.1     This Consent Decree represents a fair, reasonable, and equitable

21  settlement of the matters addressed herein.

22         4.2     For the purposes of this Consent Decree, the Settling Defendants admit

23  none of the allegations of the Complaint.  Nothing in this Consent Decree shall be construed as

24  an admission of any issue of law or fact or of any violation of law.  Notwithstanding the

25  foregoing, each of the Settling Defendants acknowledges its responsibility pursuant to this

26  Consent Decree to perform those acts it has agreed to undertake in this Consent Decree, and

27  shall not deny such responsibility in any proceeding brought by DTSC to enforce this Consent

28  Decree.

4.

1       4.3     Except as set forth in section 11 of this Consent Decree, nothing in this

2   Consent Decree shall prejudice, waive, or impair any right, remedy or defense that the Settling

3   Defendants may have in any other or further legal proceeding.

4       5.    **PAYMENTS BY SETTLING DEFENDANTS**

5       5.1     Upon the Effective Date, the Settling Defendants shall be liable to DTSC

6   for a total payment of one hundred thirty-two thousand five hundred dollars ($132,500.00).  All

7   payments used to satisfy this judgment shall be made at the times specified in section 5.2 and by

8   following the procedure described in section 5.3.

9       5.2     Payment schedule:

10      (a)     Within thirty (30) calendar days of the Effective Date, the Settling

11  Defendants shall pay to DTSC sixty-six thousand two hundred fifty dollars ($66,250.00), which

12  is one half of the $132,500.00 judgment.  Settling Defendants have the option either to pay the

13  remaining sixty-six thousand two hundred fifty dollars ($66,250.00) of the $132,500.00

14  judgment within thirty (30) calendar days of the Effective Date or to pay the remaining amount

15  according to the installment schedule described in section 5.2(b) below.

16      (b)     If within (30) calendar days of the Effective Date the Settling

17  Defendants have not paid the full amount of the $132,500.00 judgment, then commencing with

18  the calendar quarter that begins after the date that the Settling Defendants are required to pay

19  DTSC pursuant to section 5.2(a) above, the Setting Defendants shall pay to DTSC five thousand

20  two hundred ten dollars ($5,210.00) for 14 consecutive calendar quarters.  Each quarterly

21  payment must be received by DTSC on or before the last day of that calendar quarter (e.g.,

22  March 31, June 30, September 30, December 31).  The total value of the quarterly payments

23  will equal $72,940.00, which includes interest at a rate of 5.236 percent per year (which is the

24  current State Controller's Office's "Surplus Money Investment Fund, Apportionment Yield

25  Rate").

26      (c)     Nothing in this section 5 precludes the Settling Defendants from

27  paying all amounts due to DTSC, including interest at 5.236 percent per year calculated from

28  the day that is thirty (30) calendar days after the Effective Date, earlier than those amounts are

5.

1  scheduled to be paid according to the quarterly payment schedule described in section 5.2(b).

2          5.3    Payments described in sections 5.1 and 5.2 will be made by check made

3  out to the California Department of Toxic Substances Control and identified with the Court's

4  docket number of this case and "Site No. 100504."  Payment shall be mailed to:

5          Department of Toxic Substances Control
           Cashier, Hazardous Substance Account
6          P. O. Box 806
           Sacramento, CA 95812-0806
7
   A copy of each check shall be mailed to:
8
9          Jim Tjosvold
           Chief, Northern California Central Cleanup Operations Branch
           Department of Toxic Substances Control
10         8800 Cal Center Drive
           Sacramento, CA 95826-3200
11         Attn: Donald Mandel, Project Manager for Chico Southwest Plume

12         Timothy E. Sullivan
           Office of the Attorney General
13         P.O. Box 70550
           Oakland, CA 94612

14

15     6.    **[RESERVED]**

16     7.    **[RESERVED]**

17     8.    **GOVERNMENT LIABILITIES**

18          Neither DTSC nor any other department or agency of the State of California shall be

19  liable for any injuries or damages to persons or property resulting from acts or omissions by the

20  Settling Defendants in carrying out activities pursuant to this Consent Decree.  Neither DTSC

21  nor any other department or agency of the State of California shall be held as a party to any

22  contract entered into by the Settling Defendants or their agents in carrying out activities

23  pursuant to this Consent Decree unless the contract is entered into in writing by DTSC or such

24  other department or agency of the State of California.

25     9.    **COVENANT NOT TO SUE BY DTSC**

26          9.1    Except as specifically provided in sections 9.2 and 10, below, and except

27  as may be necessary to enforce the terms of this Consent Decree, as of the date this Consent

28  Decree is entered as a consent decree of the Court, DTSC covenants not to sue the Settling

6.

1    Defendants for "Matters Addressed" by this Consent Decree.  "Matters Addressed" includes

2    any and all civil liability for reimbursement of all or any portion of DTSC's Response Costs,

3    past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the

4    Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code

5    sections 25300 et seq., or common law for liability for Response Costs and/or response actions,

6    with regard to releases or threatened releases of perchloroethylene and its breakdown products

7    at, in, or from the Chico Southwest Plume, as set forth in the Complaint.

8          9.2     "Matters Addressed" shall not include, and the covenant not to sue set

9    forth in section 9.1 above does not pertain to, any matters other than those expressly specified in

10   section 9.1.  DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims

11   and causes of action DTSC may have against the Settling Defendants with respect to all other

12   matters, including releases or threatened releases of hazardous substances in the city of Chico

13   other than releases or threatened releases of perchloroethylene and its breakdown products at,

14   in, or from the Chico Southwest Plume.

15        10.    **RESERVATION OF RIGHTS**

16          10.1    The Covenant Not to Sue set forth in section 9.1 above does not pertain

17   to the following matters, which DTSC reserves, and this Consent Decree is without prejudice to

18   all rights and claims of DTSC against the Settling Defendants with respect to the following:

19                (a)     failure of the Settling Defendants to meet the requirements of this

20                        Consent Decree;

21                (b)     damage to natural resources, as defined in section 101(6) of CERCLA, 42

22                        U.S.C. § 9601(6), including all costs incurred by any natural resources

23                        trustees; and

24                (c)     criminal liability.

25          10.2    Except as expressly provided in this Consent Decree, nothing in this

26   Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its

27   authority under any law, statute or regulation.  Furthermore, nothing in this Consent Decree is

28   intended, nor shall it be construed, to preclude any other state agency, department, board or

7.

1   entity or any federal entity from exercising its authority under any law, statute or regulation.

2   11.   **COVENANT NOT TO SUE BY THE SETTLING DEFENDANTS**

3   The Settling Defendants covenant not to sue, and agree not to assert any claims

4   or causes of action against, DTSC, or its contractors or employees, for any costs or damages the

5   Settling Defendants might incur or for any injuries or losses the Settling Defendants might

6   suffer as a result of its performance of the requirements of this Consent Decree.  The Settling

7   Defendants further covenant not to sue, and agree not to assert any claims or causes of action

8   against, DTSC, or its contractors or employees, for any and all civil liability for reimbursement

9   of all or any portion of the Settling Defendants' response costs, past or future, declaratory relief,

10  injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous

11  Substance Account Act, California Health & Safety Code sections 25300 et seq., or common

12  law for liability for response costs and/or response actions, with regard to releases or threatened

13  releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest

14  Plume.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  12.   **EFFECT OF CONSENT DECREE**

24  12.1   This Consent Decree constitutes the resolution of the Settling

25  Defendants' liability to DTSC with respect to the Matters Addressed in a judicially approved

26  settlement within the meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

27  12.2   Accordingly, upon entry of this Consent Decree as a consent decree of

28  the Court, and provided that each Settling Defendant performs all of its obligations under this

8.

1    Consent Decree, each Settling Defendants shall be entitled, as of the date this Consent Decree is

2    entered as a consent decree of the Court, to protection against all claims for contribution,

3    pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for the Matters Addressed by

4    this Consent Decree (as described in section 9), to the fullest extent permitted by law.

5           12.3    Except as specifically provided in this Consent Decree, nothing in this

6    Consent Decree is intended, nor shall be construed, to waive, release, or otherwise affect any

7    right, claim, or cause of action held by any party to this Consent Decree against, or to provide a

8    covenant not to sue to, any third person not a party to this Consent Decree, or to in any way

9    limit, restrict, or impair the right of any party to this Consent Decree to assert rights, claims,

10   causes of actions, and defenses against any third person not a party to this Consent Decree,

11   including without limitation, the right to seek payment, reimbursement, contribution, or

12   indemnity from such persons for obligations incurred or to be incurred, or actions taken or to be

13   taken, under this Consent Decree.  Except as specifically provided in this Consent Decree,

14   DTSC and the Settling Defendants expressly reserve any rights, claims, or causes of actions

15   they might have against any third person not a party to this Consent Decree.

16          12.4    This Consent Decree is contingent and dependent on all of its terms being

17   approved and entered by the Court.  If the Court does not approve and enter this Consent

18   Decree, DTSC and the Settling Defendants reserve all of their respective rights, remedies, and

19   defenses.

20          12.5    This Consent Decree is not intended, nor shall it be construed, to limit or

21   otherwise affect DTSC's right to select a remedial action for the Chico Southwest Plume.

22   13.   **RETENTION OF RECORDS**

23          13.1    The Settling Defendants shall provide to DTSC, upon request, copies of

24   all documents and information within their possession or control or that of their contractors or

25   agents relating to the implementation of this Consent Decree, including, but not limited to

26   design specifications, reports of construction activities, contracts, invoices, sampling, analysis,

27   chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing,

28   correspondence, easements, permits, grants of access to public property, and city government

9.

1    resolutions.  Such records shall be preserved by the Settling Defendants until 10 years after the

2    Effective Date, or 10 years after creation of a record or document, whichever is later.

3         13.2    The Settling Defendants may assert that certain documents, records, and

4    other information are privileged under the attorney-client privilege or any other privilege

5    recognized by law.  If the Settling Defendants assert such a privilege, they shall provide DTSC

6    with the following: (1) the title of the document, record, or information; (2) the date of the

7    document, record, or information; (3) the name and title of the author of the document, record,

8    or information; (4) the name and title of each addressee and recipient of the document, record,

9    or information; (5) a description of the subject of the document, record, or information; and (6)

10   the privilege asserted by the Settling Defendants.  However, no documents, records, or other

11   information created or generated pursuant to the requirements of the Consent Decree shall be

12   withheld on the grounds that they are privileged.  If a claim of privilege applies only to a

13   portion of a document, the document shall be provided to DTSC in redacted form to mask the

14   privileged information only.  The Settling Defendants shall retain all records and documents

15   they claim to be privileged until DTSC has had a reasonable opportunity to dispute the privilege

16   claim and any such dispute has been resolved in the Settling Defendants' favor.

17        14.    **NOTIFICATION**

18             14.1.    Notification to or communication between the parties to this Consent

19   Decree as required or provided for in this Consent Decree shall be addressed as follows (except

20   that information required to be sent to DTSC pursuant to section 6 shall be sent only to

21   Mr. Tjosvold):

22        As to DTSC:

23                      Jim Tjosvold
                        Chief, Northern California Central Cleanup Operations Branch
24                      Department of Toxic Substances Control
                        8800 Cal Center Drive
25                      Sacramento, CA 95826-3200
                        Attn: Donald Mandel, Project Manager for Chico Southwest Plume
26                      facsimile: (916) 255-3696

27

28

10.

1  Judith Tracy, Esq.
   Office of Legal Counsel
2  Department of Toxic Substances Control
   1001 "I" Street
3  P.O. Box 806
   Sacramento, CA 95812
4  facsimile: (916) 323-5542

5  Timothy E. Sullivan, Esq.
   Deputy Attorney General
6  California Department of Justice
   1515 Clay Street, 20th Floor
7  P.O. Box 70550
   Oakland, CA 94612-0550
8  facsimile: (510) 622-2270

9  As to the Settling Defendants:

10  Gary Foster
    5th & Ivy, a General Partnership
11  427 Ivy, a Limited Partnership
    4446 County Road N
12  Orland, CA 95963

13  James H. Colopy, Esq.
    Mathew J. Swain, Esq.
14  Farella Braun + Martel LLP
    Russ Building
15  235 Montgomery Street, 17th floor
    San Francisco, California 94104
16  facsimile: (415) 954-4480

17       14.2.   Upon ten (10) days notice to the other party, a party to this Consent

18  Decree may substitute another person for an addressee named above to receive notifications or

19  communications as required or provided for in this Consent Decree.

20       15.   **MODIFICATION OF CONSENT DECREE**

21       This Consent Decree may only be modified upon the written agreement of DTSC

22  and the Settling Defendants and the approval of the Court, or upon order of the Court after

23  noticed motion by a party to this Consent Decree.

24       16.   **APPLICATION OF CONSENT DECREE**

25       This Consent Decree shall apply to and be binding upon DTSC, the Settling

26  Defendants, and each of their respective successors and assigns. The provisions of this Consent

27  Decree shall inure to the benefit of DTSC, the Settling Defendants, and each of their respective

28  successors and assigns. The provisions of this Consent Decree shall also inure to the benefit of

11.

1    the employees, agents, and partners of the Settling Defendants, in their capacities as such.

2        17.    **AUTHORITY TO ENTER**

3            Each signatory to this Consent Decree certifies that he or she is fully authorized

4    by the party he or she represents to enter into this Consent Decree, to execute it on behalf of the

5    party represented, and legally to bind that party.

6        18.    **INTEGRATION**

7            This Consent Decree, including the exhibits and other materials incorporated

8    herein by reference, constitutes the entire agreement between DTSC and the Settling

9    Defendants and may not be amended or supplemented except as provided for in this Consent

10    Decree.

11        19.    **RETENTION OF JURISDICTION**

12            The Court shall retain jurisdiction of this matter for the purpose of enforcing the

13    terms of this Consent Decree.

14        20.    **EXECUTION OF DECREE**

15            This Consent Decree may be executed in two or more counterparts, each of

16    which shall be deemed an original, but all of which together shall constitute one and the same

17    instrument.

18        21.    **INTERPRETATION**

19            California law governs the interpretation of this Consent Decree.  This Consent

20    Decree shall be deemed to have been drafted equally by all parties hereto.

21        22.    **ATTORNEYS FEES AND COSTS**

22            As to each other, each party to this Consent Decree shall bear its own costs,

23    attorneys' fees, expert witness fees and all other costs of litigation.  This paragraph shall have no

24    effect on the parties' right to recover these fees or costs from any other party.

25    ///

26    ///

27    ///

28    ///

12.

1    23.    **APPROVALS OF PARTIES**

2          Plaintiff DTSC consents to this Consent Decree by its authorized representative

3    as follows:

4                                    CALIFORNIA DEPARTMENT OF
                                     TOXIC SUBSTANCES CONTROL

5

6    Dated: 12/4/07              /s/ James Tjosvold
                                 James Tjosvold
7                                Chief, Northern California-Central Cleanup
                                  Operations Branch
8                                California Department of Toxic
                                 Substances Control
9

10         The Settling Defendants consent to this Consent Decree:

11                                  5TH & IVY, A GENERAL PARTNERSHIP

12
     Dated: 11/30/07             /s/ Gary Foster
13                               Gary Foster

14
     Dated: 12/12/07             /s/ Richard Harris
15                               Richard Harris

16
     Dated: 10/12/07             /s/ Tom Hayden
17                               Tom Hayden

18

19                                  427 IVY, A LIMITED PARTNERSHIP

20
     Dated: 11/30/07             /s/ Gary Foster
21                               By: Gary Foster
                                 Title: President of 4446 Inc.
22                               General Partner for 427 Ivy LP

23

24

25

26

27

28

13.

1  APPROVED AS TO FORM:

2  Dated: 11/26/07                              EDMUND G. BROWN JR.
                                                Attorney General of the State of California
3                                               JANET GAARD
                                                  Acting Chief Assistant Attorney General
4                                               THEODORA BERGER
                                                  Senior Assistant Attorney General
5                                               SALLY KNOX
                                                  Supervising Deputy Attorney General
6                                               CHRISTOPHER CROOK
                                                KIRK McINNIS
7                                                  Deputies Attorney General

8
                                           By  /s/ Timothy E. Sullivan
9                                               TIMOTHY E. SULLIVAN
                                                Deputy Attorney General
10                                              Attorneys for Plaintiff California
                                                Department of Toxic Substances Control
11
   Dated: 12/13/07
12                                         By  /s/ James H. Colopy
                                                JAMES H. COLOPY
13                                              Farella Braun + Martel LLP
                                                Attorneys for 5th & Ivy and 427 Ivy
14

15  **IT IS SO ORDERED, ADJUDGED AND DECREED:**

16
   Dated: January 7, 2008.
17

18

19                                    LAWRENCE K. KARLTON
20                                    SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT
21

22

23

24

25

26

27

28

14.