EDMUND G. BROWN JR.
Attorney General of the State of California
JANET GAARD
  Acting Chief Assistant Attorney General
THEODORA BERGER
  Senior Assistant Attorney General
SALLY KNOX
  Supervising Deputy Attorney General
CHRISTOPHER CROOK (S.B. # 50339)
KIRK McINNIS (S.B. # 130952)
TIMOTHY E. SULLIVAN (S.B. # 197054)
  Deputy Attorneys General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 622-4038
  Fax:  (510) 622-2270
  Email:  Timothy.Sullivan@doj.ca.gov

Attorneys for Plaintiff California
Department of Toxic Substances Control

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **California Department of Toxic Substances Control,** | Civ. S-02-2389 LKK DAD |
| Plaintiff, | **SETTLEMENT AGREEMENT AND CONSENT DECREE BETWEEN DTSC AND THE CITY OF CHICO** |
| **v.** | |
| **Payless Cleaners, et al.,** | |
| Defendants. | |

## **INTRODUCTION**

Plaintiff, the California Department of Toxic Substances Control ("DTSC"), filed a

second amended complaint on December 8, 2004, (the "Complaint") in the United States

District Court for the Eastern District of California (the "Court"), pursuant to the

Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

U.S.C. §§ 9601 et seq., and California state law governing the release of hazardous substances,

and nuisance.  This Consent Decree embodies the settlement reached between DTSC and

1.

defendant the City of Chico.

The Court, on the motion and with the consent of DTSC and the City of Chico, hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

1.    **DEFINITIONS**

A.    All terms used in this Consent Decree that are defined in section 101 of CERCLA, 42 U.S.C. § 9601, shall have the same meaning set forth in that section.

B.    "DTSC," as used in this Consent Decree, shall mean DTSC, its predecessors including, but not limited to, the Toxic Substances Control Program of the State of California Department of Health Services, and its successors.

C.    "Southwest Chico Plume" means both the soil and groundwater existing in the shallow, intermediate, and/or lower aquifers underlying the city of Chico south of Big Chico Creek and west of Dayton Road to its intersection with Edgar Slough and thereafter north of Edgar Slough that are contaminated with perchloroethylene and its breakdown products, the area of which is roughly represented by Figure 2 of the "Groundwater Monitoring Report, Third Quarter 2006, Chico Southwest Plume, Chico, California," dated October 20, 2006 (attached hereto as Exhibit A and incorporated herein by this reference), and all locations where such contaminants may come to be located in the future.

D.    "Response Costs," as used in this Consent Decree, shall include all costs of "removal," "remedial action," or "response" (as those terms are defined by section 101 of CERCLA), incurred or to be incurred by DTSC in response to the release or threatened release of hazardous substances at, in, or from the Chico Southwest Plume. Said term shall include, but not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing claims against persons or entities liable for the release or threatened release of hazardous substances at, in, or from the Chico Southwest Plume; indirect costs; oversight costs; applicable interest charges; and attorneys' fees.

E.    "Remedial Action Plan," as used in this Consent Decree, shall mean a remedial action plan prepared to address the release or threatened release of hazardous

2.

substances at, in, or from the Chico Southwest Plume and finally approved by DTSC as described in California Health and Safety Code section 25356.1, and also includes any amendments to the remedial action plan that are subsequently approved by DTSC.

F.      "Effective Date" is the day on which this Consent Decree is entered as an order of the Court.

2.      **RECITALS**

A.      DTSC is the California state agency with primary jurisdiction over the response to the release and threatened release of hazardous substances at, in, or from the Chico Southwest Plume.

B.      By and through its Complaint, DTSC seeks to recover jointly and severally from the City of Chico, and other defendants who are not parties to this Consent Decree, all costs it has incurred in response to releases and/or threatened releases of hazardous substances at, in, or from the Chico Southwest Plume, pursuant to section 107(a) of CERCLA. DTSC also seeks a declaratory judgment that defendants are jointly and severally liable for all additional costs incurred by DTSC in response to the releases and/or threatened releases of hazardous substances at, in, or from the Chico Southwest Plume pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2). DTSC alleges that it will continue to incur Response Costs until the remedy selected in the Remedial Action Plan, and implementation, operation and maintenance of that remedy, is completed. DTSC also seeks injunctive relief to abate a public nuisance (California Health and Safety Code section 58009) and to abate an imminent or substantial endangerment to public health and safety or to the environment (California Health and Safety Code section 25358.3).

C.      By entering into this Consent Decree, the City of Chico makes no admission of liability.

D.      Each of the parties to this Consent Decree represents and acknowledges that, in deciding whether to enter into this Consent Decree, it has not relied on any statement of fact, statement of opinion, or representation, express or implied, made by any other party to this Consent Decree. Each of the parties to this Consent Decree has investigated the subject matter

3.

of this Consent Decree to the extent necessary to make a rational and informed decision to execute it, and has had the opportunity to consult independent counsel.

E. DTSC and the City of Chico agree that settlement without further litigation and without the admission or adjudication of any issue of fact or law is the most appropriate means of resolving this action. This Consent Decree was negotiated and executed by DTSC and the City of Chico in good faith to avoid prolonged and complicated litigation. DTSC and the City of Chico, moreover, have negotiated and executed this Consent Decree to further the public interest and to protect human health and the environment.

3. **JURISDICTION**

This Court has jurisdiction over DTSC's federal law claims, which arise under CERCLA, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). This Court has jurisdiction over DTSC's state law claims under the supplemental jurisdiction provision of 28 U.S.C. § 1367(a) and under 28 U.S.C. § 2201, in that the state and federal claims arise from common facts relating to the release of hazardous substances and remediation of or failure to remediate the resulting contamination. This Court has personal jurisdiction over each of the parties to this Consent Decree. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b). This Court, further, has the authority to enter this Consent Decree as a consent decree of the Court.

4. **SETTLEMENT OF DISPUTED CLAIMS**

4.1 This Consent Decree represents a fair, reasonable, and equitable settlement of the matters addressed herein.

4.2 For the purposes of this Consent Decree, the City of Chico admits none of the allegations of the Complaint. Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law. Notwithstanding the foregoing, the City of Chico acknowledges its responsibility pursuant to this Consent Decree to perform those acts it has agreed to undertake in this Consent Decree, and shall not deny such responsibility in any proceeding brought by DTSC to enforce this Consent Decree.

4.3 Except as set forth in section 10 of this Consent Decree, nothing in this

4.

1  Consent Decree shall prejudice, waive, or impair any right, remedy or defense that the City of

2  Chico may have in any other or further legal proceeding.

3       5.     **PAYMENTS BY THE CITY OF CHICO**

4       5.1     Upon the Effective Date, the City of Chico shall be liable to DTSC for a

5  total payment of nine hundred thousand dollars ($900,000.00).  Within thirty (30) calendar days

6  of the Effective Date, the City of Chico shall pay this amount to DTSC as described below in

7  section 5.2.

8       5.2     Payments described in section 5.1 will be made by check made out to the

9  California Department of Toxic Substances Control and identified with the Court's docket

10  number of this case and "Site No. 100504."  Payment shall be mailed to:

11       Department of Toxic Substances Control
     Cashier, Hazardous Substance Account

12       P. O. Box 806
     Sacramento, CA 95812-0806

13

14  A copy of the check shall be mailed to:

15       Jim Tjosvold
     Chief, Northern California Central Cleanup Operations Branch
     Department of Toxic Substances Control

16       8800 Cal Center Drive
     Sacramento, CA 95826-3200

17       Attn: Donald Mandel, Project Manager for Chico Southwest Plume

18       Timothy E. Sullivan
     Office of the Attorney General

19       P.O. Box 70550
     Oakland, CA 94612

20

21       6.     **ACCESS TO CITY OF CHICO PROPERTY**

22       The City of Chico agrees to allow DTSC, its agents, or contractors reasonable access to

23  public rights-of-way and City of Chico property for the purposes of implementing removal or

24  remedial actions, including the installation of underground pipelines in public streets within the

25  City of Chico and the installation of extraction and monitoring wells.  The City of Chico agrees

26  that it will work with DTSC in a cooperative manner to ensure that DTSC's removal and

27  remedial actions can proceed expeditiously with a minimum of procedural delays.  Upon receipt

28  by the City of Chico's City Attorney of documentation that the City of Chico, its officers,

5.

agents, employees, and servants are included as additional insureds under all insurance coverages DTSC will require for the work to be performed by DTSC, its agents, or contractors, the City of Chico will not require DTSC, its agents, or contractors to obtain additional insurance as a condition of allowing access to public rights-of-way and City of Chico property.  The City of Chico will not require DTSC, its agents, or contractors to post a bond for the purpose of ensuring proper future destruction of any well that will be owned by DTSC or the State of California; DTSC acknowledges its responsibility to properly destroy wells that it owns in accordance with standards promulgated for the destruction of wells by the Department of Health Services.  DTSC, its agents, or contractors will coordinate with the City of Chico in order to minimize to the extent feasible disruptions to traffic flow and impact on City services.  Within ten (10) days of the Effective Date, the City of Chico will designate an employee to serve as a liaison with DTSC for coordination of access to public rights-of-way and City of Chico property.

## 7.  **GOVERNMENT LIABILITIES**

Neither DTSC nor any other department or agency of the State of California shall be liable for any injuries or damages to persons or property resulting from acts or omissions by the City of Chico in carrying out activities pursuant to this Consent Decree.  Neither DTSC nor any other department or agency of the State of California shall be held as a party to any contract entered into by the City of Chico or its agents in carrying out activities pursuant to this Consent Decree unless the contract is entered into in writing by DTSC or such other department or agency of the State of California.

## 8.  **COVENANT NOT TO SUE BY DTSC**

8.1     Except as specifically provided in sections 8.2 and 9, below, and except as may be necessary to enforce the terms of this Consent Decree, as of the date this Consent Decree is entered as a consent decree of the Court, DTSC covenants not to sue the City of Chico for "Matters Addressed" by this Consent Decree.  "Matters Addressed" includes any and all civil liability for reimbursement of all or any portion of DTSC's Response Costs, past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-

6.

Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for Response Costs and/or response actions, with regard to releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume, as set forth in the Complaint.

8.2    "Matters Addressed" shall not include, and the covenant not to sue set forth in section 8.1 above does not pertain to, any matters other than those expressly specified in section 8.1.  DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims and causes of action DTSC may have against the City of Chico with respect to all other matters, including releases or threatened releases of hazardous substances in the city of Chico other than releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume.

9.    **RESERVATION OF RIGHTS**

9.1    The Covenant Not to Sue set forth in section 8.1 above does not pertain to the following matters, which DTSC reserves, and this Consent Decree is without prejudice to all rights and claims of DTSC against the City of Chico with respect to the following:

(a)    failure of the City of Chico to meet the requirements of this Consent Decree;

(b)    damage to natural resources, as defined in section 101(6) of CERCLA, 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees; and

(c)    criminal liability.

9.2    Except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended nor shall it be construed to preclude DTSC from exercising its authority under any law, statute or regulation.  Furthermore, nothing in this Consent Decree is intended, nor shall it be construed, to preclude any other state agency, department, board or entity or any federal entity from exercising its authority under any law, statute or regulation.

7.

## 10.  COVENANT NOT TO SUE BY THE CITY OF CHICO

10.1    The City of Chico covenants not to sue, and agrees not to assert any claims or causes of action against, DTSC, or its contractors or employees, for any costs or damages that the City of Chico might incur or for any injuries or losses that the City of Chico might suffer as a result of its performance of the requirements of this Consent Decree.  The City of Chico further covenants not to sue, and agrees not to assert any claims or causes of action against, DTSC, or its contractors or employees, for any and all civil liability for reimbursement of all or any portion of the City of Chico's response costs, past or future, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for response costs and/or response actions, with regard to releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume.

10.2    The City of Chico covenants not to sue, and agrees not to assert any claims or causes of action against Norville Weiss or Janet Weiss for any costs or damages that the City of Chico might incur or for any injuries or losses that the City of Chico might suffer as a result of its performance of the requirements of this Consent Decree.  The City of Chico further covenants not to sue, and agrees not to assert any claims or causes of action against Norville Weiss or Janet Weiss for any and all civil liability for reimbursement of all or any portion of the City of Chico's response cots, past or future, declaratory relief, injunctive relief, or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 et seq., or common law for liability for response costs and/or response actions, with regard to releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume.

## 11.  EFFECT OF CONSENT DECREE

11.1    This Consent Decree constitutes the resolution of the City of Chico's liability to DTSC with respect to the Matters Addressed in a judicially approved settlement within the meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).  The parties intend

8.

that this Consent Decree constitute the resolution of the liability, if any, of the City of Chico, as alleged joint tortfeasor or co-obligor with any other defendant, for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault as to releases or threatened releases of perchloroethylene and its breakdown products at, in, or from the Chico Southwest Plume.

11.2    Accordingly, upon entry of this Consent Decree as a consent decree of the Court, and provided that the City of Chico performs all of its obligations under this Consent Decree, the City of Chico shall be entitled, as of the date this Consent Decree is entered as a consent decree of the Court, to protection against all claims for contribution, pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for the Matters Addressed by this Consent Decree (as described in section 8), and by entering this Consent Decree this Court makes a determination pursuant to California Code of Civil Procedure section 877.6 that the settlement was made in good faith and shall bar any other joint tortfeasor or co-obligor from any further claims against the City of Chico for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault, to the fullest extent permitted by law.

11.3    Except as specifically provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to waive, release, or otherwise affect any right, claim, or cause of action held by any party to this Consent Decree against, or to provide a covenant not to sue to, any third person not a party to this Consent Decree, or to in any way limit, restrict, or impair the right of any party to this Consent Decree to assert rights, claims, causes of actions, and defenses against any third person not a party to this Consent Decree, including without limitation, the right to seek payment, reimbursement, contribution, or indemnity from such persons for obligations incurred or to be incurred, or actions taken or to be taken, under this Consent Decree.  Except as specifically provided in this Consent Decree, DTSC and the City of Chico expressly reserve any rights, claims, or causes of actions they might have against any third person not a party to this Consent Decree.

11.4    This Consent Decree is contingent and dependent on all of its terms being

9.

1  approved and entered by the Court.  If the Court does not approve and enter this Consent

2  Decree, DTSC and the City of Chico reserve all of their respective rights, remedies, and

3  defenses.

4          11.5    This Consent Decree is not intended, nor shall it be construed, to limit or

5  otherwise affect DTSC's right to select a remedial action for the Chico Southwest Plume.

6      12.    **RETENTION OF RECORDS**

7          12.1    The City of Chico shall provide to DTSC, upon request, copies of all

8  documents and information within its possession or control or that of its contractors or agents

9  relating to the implementation of this Consent Decree, including, but not limited to design

10  specifications, reports of construction activities, contracts, invoices, sampling, analysis, chain of

11  custody records, manifests, trucking logs, receipts, reports, sample traffic routing,

12  correspondence, easements, permits, grants of access to public property, and city government

13  resolutions.  Such records shall be preserved by the City of Chico until 10 years after the

14  Effective Date, or 10 years after creation of a record or document, whichever is later.

15          12.2    The City of Chico may assert that certain documents, records, and other

16  information are privileged under the attorney-client privilege or any other privilege recognized

17  by law.  If the City of Chico asserts such a privilege, it shall provide DTSC with the following:

18  (1) the title of the document, record, or information; (2) the date of the document, record, or

19  information; (3) the name and title of the author of the document, record, or information; (4) the

20  name and title of each addressee and recipient of the document, record, or information; (5) a

21  description of the subject of the document, record, or information; and (6) the privilege asserted

22  by the City of Chico.  However, no documents, records, or other information created or

23  generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds

24  that they are privileged.  If a claim of privilege applies only to a portion of a document, the

25  document shall be provided to DTSC in redacted form to mask the privileged information only.

26  The City of Chico shall retain all records and documents it claims to be privileged until DTSC

27  has had a reasonable opportunity to dispute the privilege claim and any such dispute has been

28  resolved in the City of Chico's favor.

10.

13.  **NOTIFICATION**

13.1.  Notification to or communication between the parties to this Consent Decree as required or provided for in this Consent Decree shall be addressed as follows:

As to DTSC:

        Jim Tjosvold
        Chief, Northern California Central Cleanup Operations Branch
        Department of Toxic Substances Control
        8800 Cal Center Drive
        Sacramento, CA 95826-3200
        Attn: Donald Mandel, Project Manager for Chico Southwest Plume
        facsimile: (916) 255-3696

        Judith Tracy, Esq.
        Office of Legal Counsel
        Department of Toxic Substances Control
        1001 "I" Street
        P.O. Box 806
        Sacramento, CA 95812
        facsimile: (916) 323-5542

        Timothy E. Sullivan, Esq.
        Deputy Attorney General
        California Department of Justice
        1515 Clay Street, 20th Floor
        P.O. Box 70550
        Oakland, CA 94612-0550
        facsimile: (510) 622-2270

As to the City of Chico:

        City Manager
        City of Chico
        411 Main Street
        P.O. Box 3420
        Chico, CA 95927

        City Attorney
        City of Chico
        411 Main Street
        P.O. Box 3420
        Chico, CA 95927

        Francis M. Goldsberry II
        Goldsberry, Freeman & Guzman, LLP
        777 12th Street, Suite 250
        Sacramento, CA 95814

13.2.  Upon 10 days notice to the other party, a party to this Consent Decree may substitute another person for an addressee named above to receive notifications or

11.

communications as required or provided for in this Consent Decree.

14. **MODIFICATION OF CONSENT DECREE**

This Consent Decree may only be modified upon the written agreement of DTSC and the City of Chico and the approval of the Court, or upon order of the Court after noticed motion by a party to this Consent Decree.

15. **APPLICATION OF CONSENT DECREE**

This Consent Decree shall apply to and be binding upon DTSC, the City of Chico, and each of their respective successors and assigns. The provisions of this Consent Decree shall inure to the benefit of DTSC, the City of Chico, and each of their respective successors and assigns. The provisions of this Consent Decree shall also inure to the benefit of the employees and agents of the City of Chico, in their capacities as such.

16. **AUTHORITY TO ENTER**

Each signatory to this Consent Decree certifies that he or she is fully authorized by the party he or she represents to enter into this Consent Decree, to execute it on behalf of the party represented, and legally to bind that party.

17. **INTEGRATION**

This Consent Decree, including the exhibits and other materials incorporated herein by reference, constitutes the entire agreement between DTSC and the City of Chico and may not be amended or supplemented except as provided for in this Consent Decree.

18. **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree.

19. **EXECUTION OF DECREE**

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.

1
20.    **INTERPRETATION**

2          California law governs the interpretation of this Consent Decree.  This Consent

3    Decree shall be deemed to have been drafted equally by all parties hereto.

4
21.    **ATTORNEYS FEES AND COSTS**

5          As to each other, each party to this Consent Decree shall bear its own costs,

6    attorneys' fees, expert witness fees and all other costs of litigation.  This paragraph shall have no

7    effect on the parties' right to recover these fees or costs from any other party.

8
22.    **APPROVALS OF PARTIES**

9          Plaintiff DTSC consents to this Consent Decree by its authorized representative

10   as follows:

11                                        CALIFORNIA DEPARTMENT OF
                                          TOXIC SUBSTANCES CONTROL

12

13   Dated: 12/10/07                      /s/ James Tjosvold
                                          James Tjosvold
14                                        Chief, Northern California-Central Cleanup
                                           Operations Branch
15                                        California Department of Toxic
                                          Substances Control
16

17          City of Chico consents to this Consent Decree by its authorized representative as follows:

18                                        CITY OF CHICO

19
     Dated: 12/10/07                      /s/ David M. Burkland
20                                        David M. Burkland
                                          Interim City Manager
21

22

23

24

25

26

27

28

13.

APPROVED AS TO FORM:

Dated: 12/7/07

EDMUND G. BROWN JR.
Attorney General of the State of California
JANET GAARD
  Acting Chief Assistant Attorney General
THEODORA BERGER
  Senior Assistant Attorney General
SALLY KNOX
  Supervising Deputy Attorney General
CHRISTOPHER CROOK
KIRK McINNIS
    Deputies Attorney General

By /s/ Timothy E. Sullivan
TIMOTHY E. SULLIVAN
Deputy Attorney General
Attorneys for Plaintiff California Department
of Toxic Substances Control

Dated: 3/5/08

By: /s/ Francis M. Goldsberry III
FRANCIS M. GOLDSBERRY II
FRANCIS M. GOLDSBERRY III
Goldsberry, Freeman & Guzman, LLP
Attorneys for City of Chico, California

Dated: 12/10/07

By: /s/ Lori J. Barker
LORI J. BARKER
City Attorney
City of Chico

**IT IS SO ORDERED, ADJUDGED AND DECREED:**

Dated: April 8, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

14.

# EXHIBIT A

